Earl WILLIAMS, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (USX CORPORA-
TION–FAIRLESS WORKS and USX
Corporation), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 2004.
Decided Nov. 18, 2004.

James B. Mogul, Bala Cynwyd, for petitioner.

David A. Pennington, Phoenixville, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Earl Williams (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of a Workers' Compensation Judge (WCJ). The WCJ's order granted the petition of USX Corporation–Fairless Works and USX Corporation (collectively, Employer) to modify Claimant's compensation benefits under the Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

Claimant was injured in the course and scope of his work for Employer on February 20, 1990, in which he suffered injuries to his neck, back, and shoulders. Claimant thereafter filed a Claim Petition seeking benefits under the Act, which Petition was granted by order of WCJ Carol Mickey dated May 27, 1994. Employer subsequently began paying Claimant benefits pursuant to WCJ Mickey's order and decision.

In a decision and order dated April 12, 2000, WCJ Peter E. Perry, Jr. adopted a stipulation of the parties recognizing that Claimant had additionally suffered a pain disorder as a result of his work-related injuries. The stipulation further recognized that Claimant's pain disorder required psychological treatment and therapy.

On April 11, 2001, Employer filed the Petition to Modify Compensation Benefits (Modification Petition) at issue presently. Therein, Employer argued that as of December 14, 2000, Claimant had been re-ferred to positions within his medical restrictions, which referrals Claimant failed to pursue in good faith. Employer further sought a supersedeas of Claimant's benefits.[2] Claimant answered Employer's Modification Petition, denying the material allegations therein.

Hearings were subsequently held before WCJ Rosen at which both parties appeared and offered evidence. Employer offered the deposition testimony of Alan D. Carr, D.O., who is board certified in anesthesiology with a certificate of added qualifications in pain management. Dr. Carr examined Claimant's medical records and performed an examination, and subsequently testified, *inter alia*, that Claimant could be gainfully employed with certain modifications in the work expected of Claimant to accommodate his conditions. Dr. Carr further testified that he reviewed three separate positions that had been referred to Claimant, and that Claimant would be able to perform the duties of those positions, with certain accommodations and/or recommendations to be allowed as needed in respect to two of the positions. The WCJ accepted the testimony of Dr. Carr as credible.

Employer also offered the deposition testimony of Donna M. Nealon, a vocational consultant, certified rehabilitation counselor, and certified case manager. Ms. Nealon testified, *inter alia*, that she had met with Claimant, and had also reviewed Claimant's vocational abilities, prior injuries, restrictions and limitations, and that she had identified three potential sedentary positions for Claimant. Ms. Nealon sent the descriptions of those positions to

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. WCJ Michael Rosen denied Employer's request for supersedeas by order dated July 12, 2001. That denial, and the supersedeas request in general, are not at issue in the matter *sub judice*.

Dr. Files[3] and to Dr. Carr. Dr. Carr approved the three positions, while Dr. Files requested that Claimant undergo further Functional Capacity Evaluation before Dr. Files would approve or disapprove of the three positions in question. Ms. Nealon further testified that she then sent Claimant the three job descriptions with dates for interviews. Ms. Nealon also testified that: Claimant had interviewed for, and was not offered, the Delta Lighting position; Claimant had attended an informational session for the Craftmatic position, where Claimant had indicated that he was more interested in working an earlier rather than a later shift, and; Claimant had interviewed for the Sears telemarketing position, at which Claimant had provided that prospective employer with a letter from Dr. Files stating the he was not able to perform the position, and that Claimant was therefore not offered that position. The WCJ accepted as credible Ms. Nealon's testimony regarding the Sears telemarketing position, and rejected as not credible her testimony that the other two employers would accommodate Dr. Carr's suggested modifications to the positions' duties.

Claimant presented the deposition testimony of Sherri Landes, Ph.D., Claimant's treating licensed psychologist. Dr. Landes testified, *inter alia*, regarding her diagnosis and treatment of Claimant's depressive reaction and anxiety disorder in relation to Claimant's physical injuries. Dr. Landes further asserted her opinion that Claimant could not perform the three positions referred to him due to his physical and emotional condition, and that if Claimant were physically able to perform the positions that she would endorse them

psychologically. The WCJ rejected Dr. Landes's testimony as not credible.

Claimant also presented the deposition testimony of Mark Nemiroff, M.D., who is board certified in anesthesiology with a subspecialty certification in pain management. Dr. Nemiroff testified, *inter alia*, that Dr. Files had referred Claimant to his care, and that Dr. Nemiroff had examined Claimant, had reviewed his medical records, and had treated Claimant and prescribed various medications. Dr. Nemiroff further testified that Claimant is permanently disabled, and that he was unable to perform the three job referrals at issue, which Dr. Nemiroff had reviewed. The WCJ rejected Dr. Nemiroff's testimony as not credible.

By order and decision dated November 13, 2002, the WCJ granted Employer's Modification Petition, concluding in relevant part that Employer had shown that a position had been made available to Claimant within his medical restrictions as of December 21, 2000. The WCJ further concluded that Claimant had failed to show through substantial competent evidence that he had pursued that referred position in good faith.

Claimant thereafter timely appealed the WCJ's decision to the Board, arguing primarily that the WCJ had erred in granting Employer's Modification Petition in that Employer had failed to rebut Claimant's medical expert testimony regarding Claimant's psychological injuries. Claimant further argued before the Board that the WCJ had capriciously disregarded certain evidence presented before him, and that the WCJ had failed to issue a reasoned decision under the Act by only considering portions of the testimony presented. The Board, by order dated October 21, 2003,

---

**3.** Claimant testified that Dr. Files was one of his treating physicians. However, no testimony from Dr. Files was introduced before the

WCJ, and hence is not a part of the record in this matter.

rejected Claimant's arguments, and affirmed the WCJ's decision.[4] Claimant now petitions this Court for review of the Board's order.

This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). We acknowledge our Supreme Court's decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 203, 812 A.2d 478, 490 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court."

We first note that the Statement of Questions Presented section of Claimant's brief to this Court contains, to a confusing degree, an overdevelopment of various interrelated arguments including several that are not succinctly stated within those questions, but which are advanced and developed to varying degrees within the Argument section of his brief. As such, Claimant's issues have been reordered for purposes of the ensuing discussion in the interest of clarity.

■ We first address Claimant's vague yet repeated assertions that the WCJ's opinion was not a reasoned decision. Claimant has failed to raise this issue any-

where within his Statement of the Questions Presented, and for that reason, it is waived. Pa.R.A.P. 2116; *South Hills Health System v. Workers' Compensation Appeal Board (Kiefer)*, 806 A.2d 962 (Pa. Cmwlth.2002) (issues not raised in Statement of Questions Presented, or in Petition for Review, are waived on appeal). Further, and most puzzlingly, despite repeating the phrase "reasoned decision" throughout the Argument section of his brief, Claimant has failed to advance or develop any actual legal argument thereon. Amazingly, Claimant has failed to even cite to the section of the Act in which the reasoned decision requirements are specified, and has further failed to cite to any of our Courts' precedents addressing reasoned decisions. Claimant's mere repeated incantations of the phrase "reasoned decision", without any accompanying development or authority on the issue, are insufficient to establish it as a reviewable ground on appeal.

■ We will next address Claimant's assertion that Dr. Carr's medical opinion was equivocal, and that therefore the Board erred in affirming the WCJ's acceptance of that opinion as a matter of law. Notwithstanding the Board's perfunctory address of this issue in footnote 6 of its opinion, we note that Claimant has failed to raise this issue within his Petition for Review to this Court, and has further failed to assert this issue within the Statement of Questions Presented portion of his brief. As such, this issue has been waived for purposes of our appellate review.[5] *South Hills Health System.*

---

4. The Board did not receive or consider any additional evidence in hearing Claimant's appeal.

5. Notwithstanding Claimant's waiver of this issue, we note that, upon review of the record as a whole in this matter, we agree with the Board that Dr. Carr clearly and unequivocally testified that Claimant is capable of modified work, and that he approved of the referred Sears position as within Claimant's capabilities. On the merits, we also can find nothing equivocal in Dr. Carr's testimony on these points, and would reject Claimant's arguments thereon.

Next, Claimant argues that the Board erred in affirming the WCJ's conclusion that Claimant had failed to show through substantial competent evidence that he had pursued the referral offered to him in good faith.

In seeking a modification of compensation benefits, "[t]he employer has the burden of showing that the disability has ended or has been reduced and that work is available to the claimant and the claimant is capable of doing such work." *Celio v. Workmen's Compensation Appeal Board (Canonsburg General Hospital),* 109 Pa.Cmwlth. 442, 531 A.2d 552, 553 (1987), *petitions for allowance of appeal denied,* 518 Pa. 628, 541 A.2d 1139 (1988). In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 252, 532 A.2d 374, 380 (1987), our Supreme Court set forth the following procedure for the return to work of injured employees: 1.) The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition; 2.) The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.; 3.) The claimant must then demonstrate that he has in good faith followed through on the job referral(s), and; 4.) If the referral fails to result in a job then claimant's benefits should continue.

In the instant matter, Claimant argues that he was legally entitled to inform the Sears telemarketer interviewer that he was not medically cleared by his treating physician, Dr. Files, to perform the position to which he was referred. As support, Claimant cites to *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas),* 140 Pa.Cmwlth. 75, 591 A.2d 762 (1991). Claimant misreads *York Terrace,* however, in his assertion that this precedent constitutes authority for a Claimant to provide, without qualification, a prospective employer with documentation stating that the Claimant is unable to perform the referred position. In regards to this issue, *York Terrace* merely addressed a fact-specific finding of whether the claimant in that case had received medical clearance for the referred position; in that case, no such evidence of record existed.

In the instant matter, however, Claimant does not dispute—and the record unquestionably demonstrates—that Claimant was advised that Dr. Carr had approved the Sears position as within Claimant's restrictions in the letter from Ms. Nealon to Claimant informing him of the pending interview with Sears telemarketing. Reproduced Record (R.R.) at 529a. Additionally, Claimant's reliance on Dr. Files's opinion—in both his interview for the Sears position, and in his argument to this Court on this point—is absolutely and unquestionably without support in the record. Claimant offered no testimony from Dr. Files in the proceedings before the WCJ, and hence no record evidence therefrom exists in this matter. As such, Claimant's argument on this point is without merit.

Additionally, it is axiomatic in Workers' Compensation proceedings that: a claimant who chooses not to follow up employer's job referrals may be on dangerous ground. Employer's threshold burden is to show he referred the claimant to a job within the category for which claimant received medical clearance ... **Employer's use of its own physician, instead of claimant's treating physician, to provide this clearance presents the claimant with an**

**opportunity to offer rebuttal medical testimony as a defense ... It is then within the [WCJ]'s province as fact finder to assess these duties and restrictions and determine if claimant could perform the job(s) referred.**

*Sakell v. Workmen's Compensation Appeal Board (Ridgaway Philips Health Care Center),* 651 A.2d 704, 706 (Pa. Cmwlth.1994), *petition for allowance of appeal denied,* 541 Pa. 647, 663 A.2d 698 (1995) (emphasis provided). In the case at bar, Claimant chose to rely on his treating physician's disapproval of the referred position, and to ignore the approval of said position by Dr. Carr. As Claimant chose not to enter Dr. Files's testimony into the record, and in light of the WCJ's factual findings that Claimant was indeed able to perform the referred Sears position, Claimant's argument on this issue must fail.

We next turn to Claimant's challenges of the WCJ's credibility determinations in relation to Dr. Landes, Dr. Carr, Ms. Nealon, and Dr. Nemiroff. Claimant makes several parallel challenges to these credibility determinations in respect to each of these four witnesses.

Claimant asserts that the Board erred as a matter of law in affirming the WCJ's credibility determinations in several respects with regard to these witnesses. In addressing these assertions of error, we first note that Claimant, throughout his entire brief to this Court and with respect to each of the above named witnesses, cites

to selected portions of the witnesses' testimony that were not accepted as credible by the WCJ, and further repeatedly and emphatically attempts to characterize evidence and testimony that supports the Claimant's preferred version of the facts in a fashion totally unsupported by the WCJ's express Findings. Claimant couches these preferred versions of the facts of record in rhetoric that the WCJ "mischaracterized" the testimony of the cited witnesses. We disagree.

■ In regards to these four witnesses' testimony as summarized by the WCJ, we find no mischaracterization of the transcript testimony in this record whatsoever, and reject Claimant's arguments on these points in relation to all four of the witnesses. Further, we emphasize that the WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Cmwlth. 461, 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991). Accordingly, we reject Claimant's litany of selected portions of these witnesses' testimony in its use as an argument for different credibility determinations than those found by the WCJ.

■ Further, in determining whether substantial evidence [6] supports a WCJ's finding of fact, it is irrelevant that the

---

6. *Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa. Cmwlth. 382, 539 A.2d 11 (1988). Although Claimant has sprinkled his argument to this Court with varied unspecified challenges to the substantial evidence supporting the WCJ's Findings, Claimant has invariably failed to

identify precisely which Findings are not so supported in his view. As Claimant has deigned not to so identify these particular Findings as unsupported, we will address these vague assertions throughout his brief by stating that, after thorough review of the record as a whole in this case, we are unable to discern any Findings made by the WCJ that are not supported by substantial evidence of record.

record reveals evidence that would support a contrary finding; the relevant inquiry is whether the record contains substantial evidence supporting the actual findings that were made. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982). As such we will not entertain Claimant's proffered version of the facts as reconstituted by him in his favor, nor will we consider evidence not accepted as credible by the WCJ.

Claimant further attacks the WCJ's credibility determinations in relation to Dr. Carr, Ms. Nealon, and Dr. Nemiroff, on a variety of grounds generally including those witnesses' biases, the extent of their review of Claimant's medical history, their history or lack thereof in regards to treating and/or examining Claimant, and the depth of their knowledge of the referred positions. These matters, without exception, are all matters of record that go to the weight of these witnesses' respective testimony. We reject these arguments, noting that the WCJ, as the ultimate fact finder, has exclusive province over questions of evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Valsamaki.* As such, we will not review these matters on appeal.

■ In regards to Claimant's repeated assertions that the WCJ capriciously disregarded certain evidence of record in relation to the above named witnesses, we emphasize that, as fact finder, the WCJ is not required to accept even uncontradicted testimony. *Capasso v. Workers' Compensation Appeal Board (RACS Associates, Inc.)*, 851 A.2d 997, (Pa.Cmwlth. 2004). Capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence. *Id.* A capricious disregard of the evidence in a workers' compensation case is a deliberate and

baseless disregard of apparently trustworthy evidence. *Christopher v. Workers' Compensation Appeal Board (Consolidation Coal Co.)*, 793 A.2d 991 (Pa.Cmwlth. 2002). We emphasize our Supreme Court's pronouncement that, where there is substantial evidence to support an agency's factual findings, and those findings in turn support the conclusions, it should remain a rare instance in which an appellate court would disturb an adjudication based upon the capricious disregard of material, competent evidence. *Wintermyer.*

■ Turning now to Claimant's remaining specific challenges, Claimant argues that the Board erred in affirming the WCJ's finding that Dr. Landes was not credible. The crux of Claimant's argument on this point is that the WCJ disregarded Dr. Landes's medical testimony regarding Claimant's psychological disability, a disregard evidenced by what Claimant characterizes as the WCJ's failure to state or discuss the fact that Dr. Landes's testimony on this point was uncontradicted and unrebutted by any other witness. Claimant strongly asserts that Dr. Landes was the sole witness to testify regarding Claimant's ongoing and compensable psychological injuries and concomitant disability.

■ We disagree with Claimant's position that Dr. Landes's testimony was uncontradicted and unrebutted. The record clearly shows that Dr. Carr testified, as noted in the WCJ's summation of Dr. Carr's testimony, to his own diagnosis of Claimant's ongoing disability, and most specifically, offered a professional medical opinion that Claimant was able to perform the referred positions that Dr. Landes opined Claimant was unable to perform. WCJ Opinion, Finding 6. Claimant is incorrect that Dr. Carr's opinion in relation to Claimant's psychological injuries and disability, in respect to Claimant's ability to perform the duties of the referred posi-

tions, is not competent to serve as rebuttal testimony to Dr. Landes's, and that the WCJ's failure to mention the uncontradicted/unrebutted nature of Dr. Landes's testimony is therefore error as a matter of law.[7] Claimant's argument that Dr. Carr's testimony cannot constitute rebuttal or contradictory evidence in relation to Dr. Landes's testimony, on the basis that Dr. Carr is not a mental health professional of the same caliber as Dr. Landes, is incorrect under the law of this Commonwealth. An expert medical witness in a workers' compensation proceeding is qualified to testify outside of his medical specialty, and any objection to that testimony goes to the weight of the evidence, not its competency. *Lombardo v. Workers' Compensation Appeal Board (Topps Co., Inc.),* 698 A.2d 1378 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 553 Pa. 701, 718 A.2d 787 (1998). Determinations as to evidentiary weight are not subject to appellate review. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.),* 83 Pa.Cmwlth. 451, 479 A.2d 631 (1984).

Claimant extends his argument that Dr. Landes's testimony was unrebutted and uncontradicted to encompass a related argument that this asserted uncontradicted evidence was capriciously disregarded by the WCJ. Counsel for Claimant seems to misapprehend the crucial distinction between a rejection of a witness's testimony, and the capricious disregard thereof. In this matter, the WCJ clearly and detailedly summarized the testimony of Dr. Landes, as evidenced primarily in the WCJ's Finding 8. Although the WCJ ultimately found that testimony to not be

credible, such a credibility determination is the exclusive province of the WCJ, and such a rejection of testimony is not a disregard therefor, but simply a rejection. A capricious disregard of evidence occurs only when the fact-finder deliberately ignores relevant, competent evidence. *Capasso.* In this case, the WCJ did not deliberately ignore Dr. Landes's testimony—as evidenced by the WCJ's extensive summation thereof in Finding 6, which includes a summation of Dr. Landes's testimony on direct and cross-examinations—but merely considered, and then rejected as not credible, said evidence. Such an express consideration and rejection, by definition, is not capricious disregard. *Accord Capasso; Christopher.*

We also feel constrained to address another repeated assertion made by Claimant, again throughout the arguments advanced in opposition to the WCJ's credibility determinations of the four witnesses at issue. Claimant repeatedly argues that the WCJ capriciously disregarded certain *selected* portions of these witnesses' direct and/or cross examination testimony. Claimant seems to found these repeated arguments on an implied but eminently misguided assumption that *any* individual point of testimony that the WCJ did not specifically address in his decision can be argued to have been capriciously disregarded. We could not disagree more strongly.

As noted above, a capricious disregard of the evidence in a workers' compensation case is a deliberate and baseless disregard of apparently trustworthy evidence.[8] *Christopher.* However, the fact

---

7. *See Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis),* 142 Pa. Cmwlth. 400, 597 A.2d 294 (1991) (WCJ may not reject credible and *uncontroverted* medical evidence without explaining why evidence is rejected.)

8. We emphasize that no otherwise competent testimony can be considered "apparently trustworthy" in the face of clearly inapposite opposing testimony, and therefore, as in the instant matter, the very presence of such contradictory evidence may serve to defeat an

that a WCJ may not reiterate and/or pass specific review upon any particular line or portion of testimony does not necessarily constitute a capricious disregard thereof. Claimant's implied, but flawed, foundational premise that any line, portion, or general section of testimony that is not specifically addressed by a fact finder can be argued to be capriciously disregarded would result in an unworkable system requiring a fact finder to detailedly address every single sentence of testimony presented before him, and would further render every decision below open to appellate review demanding an examination of line after line of testimony to insure that each line had been painstakingly addressed and ruled upon. Such a foundational premise, quite obviously, would prove unworkable in reality.

■ Additionally, and most tellingly, such a standard of capricious disregard review would invariably run counter to our Supreme Court's admonition that where there is substantial evidence to support an agency's factual findings, and those findings in turn support the conclusions, it should remain a *rare instance* in which an appellate court would disturb an adjudication based upon the capricious disregard of material, competent evidence. *Wintermyer* (emphasis provided). Our capricious disregard standard is not to be applied in such a manner as would intrude upon an agency's fact-finding role and discretionary decision making. *Pugh v. Workers' Compensation Appeal Board (Transpersonnel, Inc.)*, 858 A.2d 641, (Pa.Cmwlth.2004). As such, we herein stress that where a fact finder's adjudication clearly evidences the fact finder's review of the general body of a witness's testimony, and concomitantly does not deliberately ignore any uncontradicted relevant, material testimony, the fact finder's failure to detailedly summa-

rize and/or address each individual portion of that body of testimony does not constitute a capricious disregard of any evidence not so detailed.

■ In the matter *sub judice,* Claimant argues that the WCJ capriciously disregarded certain portions of the testimony of Dr. Carr, Ms. Nealon, and Dr. Nemiroff, in that the WCJ failed to specifically address or expressly demonstrate review and/or consideration of every line or portion as cited by Claimant. These arguments must fail, under our analysis as articulated above. *Accord Wintermyer; Pugh; Christopher.* The WCJ's entire decision as a whole, including its lengthy summations of the respective witnesses' testimony, clearly indicates that the WCJ considered the full testimony of these witnesses.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of November, 2004, the order of the Workers' Compensation Appeal Board dated October 21, 2003, at A02–3243, is affirmed.

---

assertion of capricious disregard under this

standard. *Accord Wintermyer; Christopher.*