# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Huber,                   :
                Petitioner      :
                               :
         v.                    :    No. 1708 C.D. 2017
                               :    Submitted: May 25, 2018
Workers' Compensation Appeal     :
Board (Wetterau, Inc.),             :
                Respondent    :

**BEFORE:** **HONORABLE P. KEVIN BROBSON, Judge**
                 **HONORABLE MICHAEL H. WOJCIK, Judge**
                 **HONORABLE ELLEN CEISLER, Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: November 27, 2018**

Michael Huber (Claimant), *pro se*, petitions for review from an order of the Workers' Compensation Appeal Board (Board), dated September 28, 2017. The Board affirmed the decision of a Workers' Compensation Judge (WCJ), granting Wetterau, Inc.'s (Employer) petition to modify compensation benefits (Petition). For the reasons set forth herein, we affirm.

On November 14, 1993, Claimant sustained a work-related injury in the nature of a lumbar strain, lumbar radiculopathy, lumbar disc syndrome, and chronic back and leg pain, while working for Employer. Employer accepted liability for Claimant's work-related injury pursuant to a Notice of Compensation Payable and began paying Claimant workers' compensation benefits in the amount

of $431.37 per week. On October 22, 2013, Employer filed its Petition, asserting that it had obtained medical evidence demonstrating that Claimant was capable of returning to work. Employer also asserted that it had referred Claimant to an available position within Claimant's medical restrictions, but Claimant had refused the offered position in bad faith.

In connection with Employer's Petition, Claimant and Employer stipulated: (1) Michael Mitrick, D.O.'s medical opinion and restrictions were controlling in this case; (2) Claimant was physically capable of performing the offered Customer Service/Surveyor position with New Path Industries; (3) Claimant received the Notice of Ability to Return to Work; and (4) Claimant received 4 letters from Expeditor, the company that Employer utilized to locate the Customer Service/Surveyor position with New Path Industries for Claimant. (Certified Record (C.R.), Item No. 22, Notes of Testimony (N.T.), Mar. 4, 2014, at 7-9.) Dr. Mitrick opined that Claimant was capable of performing 40 hours per week of light-duty work, with restrictions of occasional lifting of 20 pounds, frequent lifting of 10 pounds, and occasional bending and stooping. (C.R., Item No. 33, Dr. Mitrick's June 18, 2013 Report at 5.)

In support of its Petition, Employer presented the testimony of Joseph Lacey (Lacey), the owner of Expeditor. (C.R., Item No. 23, N.T., May 6, 2014, at 6-7.) Lacey testified that Expeditor specializes in returning people to work in sedentary positions. (*Id.* at 7.) Employer referred this case to Expeditor to locate suitable employment for Claimant that was within the work restrictions established by Dr. Mitrick. (*Id.* at 7-10.) Expeditor located a potential full-time Customer Service/Surveyor position for Claimant with New Path Industries, P.O. Box 50, Gradyville, Pennsylvania. (*Id.* at 10-11, 26.) Claimant would have been required

2

to perform the position from his home using a business telephone and wireless headset provided to him by New Path Industries/Expeditor. (*Id.* at 10-11.) The position was a funded employer position, whereby Employer's insurance company would reimburse New Path Industries for Claimant's wages during a training period, which could last up to 3 months. (*Id.* at 22-24.)

Lacey testified further that Expeditor notified Claimant about the potential Customer Service/Surveyor position with New Path Industries and requested that Claimant complete an employment application and make himself available for an interview. (*Id.* at 12.) In response, Claimant sent Expeditor a list of demands that he wanted to have met before he would interview for the position. (*Id.* at 13.) Expeditor met Claimant's demands, and Claimant ultimately completed an application and interviewed for the position. (*Id.* at 14-16, 21-22.) Based on his interview, New Path Industries offered Claimant the Customer Service/Surveyor position, but Claimant declined it, stating that his parents would not permit him to work from their home. (*Id.* at 22.) According to Lacey, Claimant took the position that someone would need to pay approximately $350,000 for a new residence for him and pay his relocation and living expenses. (*Id.*)

Employer also presented the testimony of Patrick O'Brien (O'Brien), who works for the Borough of Laureldale (Borough) as a code enforcement officer, a zoning officer, and a building inspector. (*Id.* at 32-33.) O'Brien testified that the Borough's code would not prohibit Claimant from performing the Customer Service/Surveyor position from his home. (*Id.* at 34, 38.) O'Brien explained that Claimant's home is located in an R-1 residential district, where no-impact home-based businesses are permitted by right. (*Id.* at 36.) O'Brien explained further that the Customer Service/Surveyor position that New Path Industries offered to

Claimant meets the Borough's requirements for a no-impact home-based business. (*Id.* at 36-38.) O'Brien admitted, however, that before Claimant could perform the position from his home, O'Brien would have to approve Claimant's activity as a no-impact home-based business. (*Id.* at 43.) O'Brien indicated that in order to obtain his approval, New Path Industries would need to submit a mercantile license application to the Borough, and O'Brien would have to perform an inspection of Claimant's home. (*Id.* at 39, 42-43.)

Employer also presented the deposition testimony of Glenda Honick (Honick), who works for Expeditor as an employment consultant. (C.R., Item No. 39, Depo. of Glenda Honick at 6-7.) Lacey assigned Claimant's file to Honick to handle all of the day-to-day activities. (*Id.* at 8, 18.) Honick essentially corroborated Lacey's testimony with some minor additions. (*See id.* at 7-35.)

Employer also presented the deposition testimony of Michael Slezak (Slezak), a supervisor with New Path Industries. (C.R., Item No. 40, Depo. of Michael Slezak at 5-6.) Slezak testified that, prior to becoming a supervisor with New Path Industries in Gradyville, Pennsylvania, he worked for his wife in Lockbourne, Ohio. (*Id.* at 6.) Slezak explained that his wife performed data verification under the name of New Path Industries. (*Id.*) Slezak also explained that, in October 2012, he underwent extensive spinal surgery, and his wife closed the business. (*Id.* at 6-7.) Sometime thereafter, Slezak received a letter from Claimant, who was seeking information on New Path Industries located in Gradyville, Pennsylvania. (*Id.* at 7-8.) In response to Claimant's letter, Slezak contacted Claimant and informed Claimant that his wife's business was no longer in existence and had no relationship with the New Path Industries located in Gradyville, Pennsylvania. (*Id.* at 7-9.)

4

Slezak testified further that, at some point while he was recovering from his spinal surgery, he believed that he was capable of returning to work in a part-time capacity. (*Id.* at 9.) As a result, Slezak submitted his resume to New Path Industries in Gradyville, Pennsylvania, because he believed that the company employed homebound individuals with physical impairments like him. (*Id.* at 9-10.) Ultimately, New Path Industries offered Slezak a supervisory position, which he accepted, and Slezak has been working for New Path Industries since September 2013. (*Id.* at 10-11.) Slezak explained that New Path Industries' home office is located in Gradyville, Pennsylvania, but it conducts business all across the United States. (*Id.* at 12.) Slezak performs his supervisory position from his home in Lockbourne, Ohio. (*Id.*) Slezak explained further that New Path Industries conducts data verification for its clients by contacting their customers to verify the information contained within their databases. (*Id.* at 11-12.) New Path Industries also employs individuals with physical challenges who have to work from home, including individuals who have sustained workers' compensation injuries. (*Id.*)

Slezak also testified that New Path Industries became involved in this case when it received a referral from Expeditor about hiring Claimant for a potential position. (*Id.* at 14.) Slezak conducted a phone interview of Claimant on September 25, 2013; the purpose of the interview was essentially to assess whether Claimant could converse telephonically in an articulate and non-offensive manner. (*Id.* at 14-18.) At the conclusion of the interview, Slezak offered Claimant a full-time Customer Service/Surveyor position with New Path Industries. (*Id.* at 18, 21-22, 24.) Slezak explained that Claimant would have performed the position from his home with a telephone line and equipment provided to him by New Path Industries. (*Id.* at 20-21.) New Path Industries would have been responsible for the

5

payment of Claimant's wages, but Employer would have reimbursed New Path Industries for such wages during a period of on-the-job training. (*Id.* at 22-23, 26-27.) When asked whether Claimant accepted the offered Customer Service/Surveyor position, Slezak indicated that Claimant informed him that his parents would not let him telecommute from their home, and, therefore, he would only accept the position if New Path Industries paid for a new residence and relocation expenses, which Claimant estimated to be $350,000. (*Id.* at 24.)

On cross-examination, Slezak indicated that he assumed that New Path Industries had a street address located in Gradyville, Pennsylvania, but that he never had a need for it because he communicated through the P.O. Box. (*Id.* at 26.) Slezak also did not have a telephone number for New Path Industries because he communicated with New Path Industries by email. (*Id.* at 29, 32.)

In opposition to Employer's Petition, Claimant testified at the hearing held on July 17, 2014. Claimant testified that he resides in the Borough at his parent's home. (C.R., Item No. 24, N.T., July 17, 2014, at 29-30.) Claimant explained that he did not want to conduct a business out of his parents' home because he respected his parents and their concerns. (*Id.* at 31-32.) Claimant, nevertheless, believed that he acted in good faith with respect to the offered Customer Service/Surveyor position with New Path Industries. (*Id.* at 32, 46.) Claimant testified that he attempted to locate a physical address for New Path Industries and discovered: (1) the only New Path Industries registered with the Pennsylvania Department of State is located in Lockbourne, Ohio; (2) the physical address on file with the post office for New Path Industries and its Gradyville, Pennsylvania, P.O. Box was located in Newtown Square, Pennsylvania; and (3) the building located at the Newtown Square, Pennsylvania, address was locked and vacant at 2:30 p.m., on

September 6, 2013. (*Id.* at 32-37.) Claimant testified further that he interviewed with Slezak by telephone on September 25, 2013, and, at that time, Claimant informed Slezak that his parents would not permit him to conduct business out of their home. (*Id.* at 41-42.) Claimant also testified that he returned to the Newtown Square, Pennsylvania, address on November 1, 2013, and, again, could not locate New Path Industries. (*Id.* at 46.) Claimant informed Expeditor and Slezak that he could not physically locate New Path Industries, and neither of them could provide him with any information. (*Id.*)

On cross-examination, Claimant admitted that he has worked for his father's business as a salesman since 1981 and is responsible for accompanying his father to auctions so that he can drive the vehicles that his father purchases. (*Id.* at 48-49.) Claimant also admitted that he obtained a vehicle salesperson license from the Pennsylvania Department of State and is occasionally responsible for buying and selling vehicles for his father, but he does not earn any money from his father in connection therewith. (*Id.* at 49-50.)

Claimant also presented the testimony of James Huber, his father. (*Id.* at 12.) Claimant's father testified that he and his wife own a home in the Borough, and that he, his wife, and Claimant currently reside in that home. (*Id.* at 13.) Claimant's father, who owns Huber's Auto Towing Service located in Reading, Pennsylvania, does not perform any business out of his home, and he has concerns about Claimant working from his home. (*Id.* at 14-15.) Claimant's father explained: (1) he was not willing to complete or sign any of the applications and/or forms that the Borough or the Commonwealth of Pennsylvania would require in connection with a business conducted from his home; (2) his wife's health is not the best and her situation would be aggravated if Claimant was on the phone at their

7

home for 8 to 10 hours per day; (3) the Borough would require inspections and code compliance for any business that would be conducted from his home; (4) he did not want to create conflict with his neighbors by adding a business to the neighborhood; and (5) his insurance premium would increase substantially. (*Id.* at 15-22.) Claimant's father admitted that Claimant is employed by Huber's Auto Towing Service as a salesman and is responsible for signing vehicle titles and other paperwork. (*Id.* at 24-25.) Claimant's father indicated, however, that, even though Claimant maintains an active vehicle salesperson license with the Pennsylvania Department of State, Claimant is not paid for the work that he performs for Huber's Auto Towing Service. (*Id.* at 27-28.) Claimant's father also admitted that he forwards Huber's Auto Towing Service's phone calls to his personal cell phone after hours and that he answers phone calls for Huber's Auto Towing Service while he is at home. (*Id.* at 25-26.)

By decision and order dated December 22, 2014, the WCJ granted Employer's Petition and modified Claimant's workers' compensation benefits to $143.79 per week, effective September 25, 2013.[1] In so doing, the WCJ noted that, "given the stipulations between the parties, the sole issue before [him was] whether Claimant acted in bad faith when he refused the Customer Service/Surveyor position with New Path Industries." (WCJ's Decision, Dec. 22, 2014, at 6.) In reaching his decision on this issue, the WCJ credited the testimony of O'Brien, Lacey, Honick, and Slezak. (*Id.* at 4-6.) The WCJ also credited the testimony of Claimant and Claimant's father with respect to the reasons for Claimant's refusal to

---

[1] On January 8, 2015, the WCJ issued an amended/corrected decision, whereby the WCJ acknowledged a mathematical error in his December 22, 2014 decision and corrected Claimant's partial disability rate to $191.37 per week. The WCJ affirmed his December 22, 2014 decision in all other respects.

8

accept the Customer Service/Surveyor position with New Path Industries but noted that the extent to which such reasons were valid was a question of law. (*Id.* at 5.) The WCJ found that the Customer Service/Surveyor position with New Path Industries was a wage paying employee/employer job and not a business. (*Id.* at 6.) The WCJ also found that "Claimant's investigation and efforts to prove New Path Industries [did] not exist [was] irrelevant give [sic] the stipulation that Claimant received a job offer that he is physically capable to perform." (*Id.*) Based on those credibility determinations and findings of fact, the WCJ concluded that Claimant acted "in bad faith when he refused the Customer Service/Surveyor position with New Path Industries." (*Id.*) The WCJ reasoned that: (1) the relevant evidence established that the local municipality would permit Claimant to perform the Customer Service/Surveyor position in the residential zone in which he resides; and (2) "[t]he fact that Claimant's parents will not permit [Claimant] to work from home is irrelevant and not a valid reason to negate the fact that the job was within Claimant's physical capabilities and offered to him." (*Id.* at 6-7.)

Claimant appealed the WCJ's decision to the Board. By opinion and order dated April 11, 2016, the Board opined that the WCJ incorrectly determined that "the 'sole issue' before him was whether Claimant acted in bad faith when he refused the [Customer Service/Surveyor] position with New Path Industries." (Board's Decision, Apr. 11, 2016, at 11.) The Board noted that, "before getting to that question, the WCJ had to decide the issue of whether the offered position was available to Claimant." (*Id.*) The Board also noted that, while there was no dispute that the offered position was "physically suitable" for Claimant, "there are other considerations besides a claimant's medical limitations or abilities" that must be considered when determining whether an offered position is available. (*Id.*) As a

9

result, the Board remanded the matter to the WCJ to consider whether the offered position was available to Claimant based upon the totality of the circumstances.

On remand, the WCJ again granted Employer's Petition. In so doing, the WCJ reasoned as follows:

> In reviewing the [r]ecord again, the totality of the circumstances and the clear evidence of record shows Claimant put forth a valiant effort to find reasons not to accept the offered job that would simply require Claimant to work from him [sic] home placing phone calls and collecting data. Claimant spent quite a bit of effort to prove New Path Industries does not exist. Then Claimant asserted his father would not permit him to work from within his home.
>
> This [WCJ] understands Claimant resides in his father's home for economic reasons. Furthermore, Claimant's father certainly can determine what lawful activities take place within his home. If he deems his home a place where a business should not operate he certainly cannot be forced to do so. However, such reasons should not bleed over to require a workers' compensation carrier or employer to continue to pay workers' compensation benefits[.] The job offered required no equipment (other than a phone line that [Employer] would supply), there is no evidence of any factors to prevent Claimant from working at home other than Claimant's father's simple refusal to allow [Claimant] to earn a living from within his home.

(WCJ's Decision, Nov. 15, 2016, at 4.) The WCJ also incorporated his findings of fact, credibility determinations, and conclusions of law from his December 22, 2014 decision, including his conclusion that Claimant acted "in bad faith when he refused the Customer Service/Surveyor position with New Path Industries." (WCJ's Decision, Nov. 15, 2016, at 3, 5; WCJ's Decision, Dec. 22, 2014, at 6.) Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant then petitioned this Court for review.

10

On appeal,[2] Claimant appears to argue that the WCJ's decision is not supported by substantial evidence. More specifically, Claimant argues that he presented evidence to establish that New Path Industries does not exist, and, therefore, the offered position could not have been available to him, and he could not have refused the offered position in bad faith.[3] In response, Employer argues that the totality of the circumstances establishes that Claimant refused the offered position in bad faith, and, therefore, the WCJ properly granted Employer's Petition.[4]

At the outset, we note that it is well settled that the WCJ is the sole arbiter of credibility and evidentiary weight. *Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 83 A.3d 1139, 1154 (Pa. Cmwlth.), *appeal denied*, 94 A.3d 1011 (Pa. 2014). In determining whether the WCJ's findings are supported by substantial evidence, we may not reweigh the evidence or the credibility of the witnesses but must simply determine whether the WCJ's findings have the requisite measure of support in the record as a whole. *Elk Mountain Ski Resort, Inc. v. Workers' Comp. Appeal Bd. (Tietz, deceased)*, 114 A.3d 27, 32 n.5 (Pa. Cmwlth. 2015). It is irrelevant whether there is evidence to support a contrary

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] Based on our review of Claimant's brief, it does not appear that Claimant has developed any argument relative to his residential situation and his alleged inability to accept the offered position due to his father's refusal to permit him to work from the family home. Rather, Claimant's entire argument is focused on the alleged nonexistence of New Path Industries.

[4] Employer appears to have repeated all of the arguments that it presented at the various stages of the proceedings below without any attempt to refine its arguments to the issues presented by Claimant on appeal. As many of those issues have not been raised by Claimant on appeal— *i.e.*, the lack of a vocational interview, the fact that the offered position was a funded employment position, and the effect of local codes and regulations on Claimant's ability to work from the family home—we will not address them any further in this opinion.

finding; if substantial evidence supports the WCJ's necessary findings, we may not disturb those findings on appeal. *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 143-44 (Pa. Cmwlth. 2004).

An employer seeking a suspension or modification of benefits on the basis that the claimant has recovered some or all of his ability to work, must produce: (1) credible medical evidence establishing that the claimant's physical condition has changed; and (2) evidence that the employer referred the claimant to a then-available job that the claimant is capable of performing based on his medical clearance. *Kachinski v. Workmen's Comp. Appeal Bd. (Vepco Constr. Co.)*, 532 A.2d 374, 380 (Pa. 1987). The burden then shifts to the claimant to demonstrate that he followed through on the job referral in good faith. *Id.* In the event that the referral does not result in a job, the claimant's benefits should continue. *Id.*

Here, in an effort to demonstrate that the offered position was not available to him and that he did not refuse the offered position in bad faith, Claimant attempts to cast doubt on the existence of New Path Industries. Although the WCJ did not make a specific finding that New Path Industries is a valid and existing business entity, such a finding is implied from the WCJ's decision. In other words, the WCJ could not have concluded that the offered position with New Path Industries was available to Claimant or that Claimant refused such position in bad faith without impliedly finding that New Path Industries is a valid and existing business entity. Lacey and Honick testified that Expeditor located a Customer Service/Surveyor position for Claimant with New Path Industries, a business located in Gradyville, Pennsylvania, that was within Claimant's restrictions as established by Dr. Mitrick. Slezak testified that he is employed by New Path Industries as a supervisor and that, after performing a telephone interview of Claimant, he offered Claimant a Customer

12

Service/Surveyor position with New Path Industries. In addition, the parties stipulated that Claimant was physically capable of performing the offered Customer Service/Surveyor position with New Path Industries. This testimony and evidence constitutes substantial evidence to support the WCJ's implied finding that New Path Industries is a valid and existing business entity. It is irrelevant that Claimant presented evidence that could support a contrary finding. *See Williams*, 862 A.2d at 143-44. For these reasons, we cannot conclude that the WCJ's decision is not supported by substantial evidence.

Accordingly, we affirm the Board's order.

P. KEVIN BROBSON, Judge

13

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Michael Huber, : 
               Petitioner : 
               : 
        v. : No. 1708 C.D. 2017
               : 
Workers' Compensation Appeal : 
Board (Wetterau, Inc.), : 
               Respondent : 

# **O R D E R**

AND NOW, this 27th day of November, 2018, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

 

| |
|---|
| P. KEVIN BROBSON, Judge |