140 Pa. Commonwealth Ct. 75 (1991)
591 A.2d 762
YORK TERRACE/BEVERLY ENTERPRISES, Petitioner,
v.
WORKMEN'S COMPENSATION APPEAL BOARD (Julia LUCAS), Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs February 22, 1991.
Decided May 16, 1991.
*76 Stephen P. Ellwood, Schuylkill Haven, for petitioner.
Joseph M. A. Nelabovige, Hamburg, for respondent.
Before CRAIG, President Judge, and PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.
CRUMLISH, Jr., Senior Judge.
York Terrace/Beverly Enterprises (York Terrace) appeals a Workmen's Compensation Appeal Board order reversing the referee's decision and denying York Terrace's modification petition. We affirm the Board's decision.
Julia Lucas, a nurse's aide, injured her back at York Terrace Nursing Home and York Terrace issued a notice of compensation payable. At York Terrace's request, Lucas was examined on June 26, 1987 by Dr. Ellis F. Friedman, who opined that Lucas was totally disabled. Dr. Friedman examined Lucas again on July 21, 1988, and found she had limited motion of the lumbar spine and that fusion on the left side was incomplete while the fusion on the right side was solid.[1] Furthermore, he stated "[m]y July 21 [examination] was unchanged from my examination a year ago in all respects. There was no improvement in the strength of the various muscles of the right calf and foot. There was no change in range of motion as well." (Defendant's Supersedeas Exhibit No. 1, Friedman letter, 7/22/88). At that time, Dr. Friedman completed a work classification form listing activities Lucas was capable of performing.
*77 Arlene Postupak, the York Terrace administrator, reviewed Dr. Friedman's work classification report and determined that Lucas was capable of working as a modified part-time nurse's assistant.[2] Lucas was notified of this position via a letter from York Terrace's counsel dated August 28, 1988. She did not follow-up on the referral, because she did not think she was physically capable of performing the job.[3] York Terrace then filed a petition for modification as of August 29, 1988, alleging Lucas was capable of returning to work.
On March 30, 1989, Dr. Friedman testified that he reviewed the deposition transcript of Arlene Postupak on the modified part-time nurse's assistant position, and determined that Lucas was capable of performing this position. (Deposition of Dr. Friedman, 3/30/89, p. 17).
The referee granted York Terrace's petition for modification, reducing Lucas' benefits as of March 30, 1989. The referee concluded: (1) York Terrace met its burden of proof, by medical evidence, that a change occurred in Lucas' condition; (2) Lucas failed to make a good faith effort to follow up on the job referral; and (3) the position of nurse's aid was available to Lucas. On appeal, the Board reversed, relying on the Pennsylvania Supreme Court's decision in Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.), 516 Pa. 240, 532 A.2d 374 (1987). The Board concluded that York Terrace failed to meet its initial burden of showing a change in condition, the first Kachinski criterion. It did not consider the job referral issue.
York Terrace raises two issues on appeal: (1) whether the Board erred as a matter of law in concluding York Terrace did not meet its burden of proving a change in Lucas' medical condition; and (2) whether the Board improperly *78 reversed the referee decision when his findings of fact were supported by substantial evidence.[4]
Kachinski sets forth the four criteria under which a modification petition may be granted:
1. The employer who seeks to modify the claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.
2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs) which fits the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.
3. The claimant must then demonstrate that he has in good faith followed through on these job referral(s).
4. If the referral fails to result in a job then claimant's benefits should continue.
Kachinski, 516 Pa. at 252, 532 A.2d at 380.
We have held that proof of a change in medical condition is not required when it is not the basis for seeking a decrease in benefits. Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams), 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1981). The employer is not required to prove a change when the petition was based on job availability, rather than any change in physical status. Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar), 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987). In the instant case, York Terrace made a job available to Lucas within the medical limitations prescribed by Dr. Friedman. Therefore, under Lukens and Investors Diversified, York Terrace need not have produced evidence of physical improvement.
Next, we address the issue of whether the referee's findings of fact were supported by substantial evidence.[5] *79 In applying the second test of Kachinski, we have held that where a doctor has approved a category of jobs suitable for a claimant, the employer must produce evidence that the claimant was cognizant of her medical clearance. Lukens at 486, 568 A.2d at 984. The referee determined that, via Dr. Friedman's March 30, 1989 deposition, Lucas was aware of her medical clearance for the part-time position and did not follow through on this job referral.[6]
We cannot agree that there is substantial evidence to support this finding. The only notification Lucas received about the position was from York Terrace's counsel, dated August 28, 1988, seven months prior to Dr. Friedman's deposition in which he stated Lucas was medically cleared for this position.[7] The record is devoid of any indication that the medical clearance given by Dr. Friedman, as of the date of his deposition, was in any way communicated to Lucas. Nor did York Terrace produce any evidence that the job existed at the time Dr. Friedman gave his deposition. Therefore, York Terrace has not satisfied the second Kachinski element, requiring that medical clearance and a referral to a then open job be communicated to Lucas.
Accordingly, we affirm the Board's order.[8]

*80 ORDER
The order of the Workmen's Compensation Appeal Board No. A89-2029 dated September 28, 1990, is hereby affirmed.
NOTES
[1] Referee's Finding of Fact No. 8, 8/7/89.
[2] Referee's Finding of Fact No. 5, 8/7/89.
[3] Referee's Finding of Fact No. 6, 8/7/89.
[4] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are not supported by substantial evidence. Estate of McGovern v. State Employee's Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
[5] Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a finding. Berardelli v. Workmen's Compensation Appeal Board (Bureau of Personnel State Workmen's Insurance Fund), 134 Pa.Commonwealth Ct. 450, 578 A.2d 1016 (1990).
[6] Referees' Finding of Fact No. 9, 8/7/89.
[7] Referee's Finding of Fact No. 8, 8/7/89.
[8] Lucas has also petitioned for counsel fees, interest and penalties. Upon consideration of York Terrace's petition for supersedeas, President Judge Craig issued an order on December 21, 1990 (1) denying Lucas' motion to quash and (2) directing that payment of weekly compensation payments at the rate of $173.50 resume immediately. On February 11, 1991, Lucas filed an application for peremptory mandamus and special injunction in which it sought fees, interest and penalties, to compel York Terrace to comply with this Order. Lucas concedes that full compensation was made on February 21, 1991, but counsel fees, interest or penalties were not included.

Pursuant to Section 435 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 991, it is within the court's discretion to impose counsel fees, interest and penalties. We decline to do so here inasmuch as York Terrace has now complied with this Court's Order.