IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Dennis,                          :
                Petitioner       :
                             :
          v.                  : No.  1223 C.D. 2022
                             : Submitted:  July 14, 2023
Inglis House (Workers'                 :
Compensation Appeal Board),            :
                Respondent       :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY SENIOR JUDGE LEAVITT             FILED:  October 12, 2023

         Marie Dennis (Claimant) petitions for review of the October 20, 2022, adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the May 31, 2022, remand decision of a workers' compensation judge (WCJ).  Claimant argues that the WCJ's original decision erred in regard to the description of her injury, its duration, and associated wage loss.[1]  We affirm the Board's adjudication that although Claimant sustained a work injury, she was not entitled to wage loss benefits.

         On April 14, 2020, Claimant filed a claim petition asserting that she was injured in the course of her employment as a certified nurse assistant with Inglis House (Employer), while attempting to move a 300-pound patient on January 14, 2020.  Claimant alleged that she sustained injuries to her neck, right arm, right shoulder, and right hand/wrist.  She sought partial disability benefits from January

_____

[1] The portion of the WCJ's remand decision awarding attorney's fees to Claimant is not challenged by Claimant or the employer.

14, 2020, through March 26, 2020, and total disability benefits from March 27, 2020, ongoing.

Before the WCJ, Claimant testified that she returned to work in light-duty status the day after her injury and continued working light duty for approximately two months. She was directed to attend an appointment with Francis Burke, III, M.D., at WorkNet, who did a physical examination of Claimant on March 25, 2020. Based on that exam, Dr. Burke released Claimant to return to work full time. However, Claimant testified that she did not return to work because she could not perform the duties of her full-duty position. Notes of Testimony (N.T.), 5/13/2020, at 38-40; Reproduced Record at 38a-40a (R.R. __). On May 20, 2020, Claimant returned to work at a modified-duty assignment, working her regular total hours and receiving full pay. N.T., 11/18/2020, at 8-9; R.R. 338a-39a. She testified that her doctor took her off work on August 13, 2020, and she has not worked since. On September 17, 2020, Claimant underwent rotator cuff surgery. She testified that she cannot perform her full-duty position with Employer.

Claimant presented the deposition testimony of Kevin O'Donnell, M.D., who first examined her on April 13, 2020. Dr. O'Donnell diagnosed Claimant with a right shoulder partial thickness rotator cuff tear caused by the work incident. He opined that this aspect of Claimant's work injury would restrict her from heavy and repetitive lifting. Dr. O'Donnell opined that Claimant also sustained a work-related cervical spine strain and sprain and hand/wrist pain, both of which had resolved as of July 6, 2020.

Employer presented the deposition testimony of Dr. Burke, who diagnosed Claimant with a cervical spine sprain; a resolved trapezius sprain; preexisting cervical degenerative disc disease; a resolved right shoulder sprain;

2

preexisting right hand pain and paresthesia; and weak right hand edema. He opined that Claimant was fully recovered from her work injuries, and he released her from his care as it related to her neck, back, and right shoulder injuries. Burke Dep., 10/8/2020, at 26; R.R. 278a. Dr. Burke did not release Claimant in regard to her hand condition without a follow-up examination by Dr. Stephen Cash, the hand surgeon with whom Claimant had been treating. Dr. Burke noted that Claimant had preexisting hand issues, predating the January 2020 work incident, which the work incident did not aggravate.

Employer also presented the deposition testimony of Dennis McHugh, D.O., who examined Claimant on July 17, 2020. He diagnosed Claimant with a cervical sprain, a right trapezial sprain, and a right shoulder sprain, which were caused by the January 14, 2020, work incident. He determined that Claimant was fully recovered from these injuries as of the date of the examination, and he placed no work restrictions on Claimant.

The WCJ accepted Claimant's testimony, in part. However, the WCJ rejected Claimant's testimony that she could not work and that she could not do light-duty work on and after March 24, 2020, or any work after August 13, 2020. WCJ Decision, 3/24/2021, at 13, Finding of Fact No. 19; R.R. 413a.

The WCJ found Dr. Burke credible as to some of his "work[-]related and non-work[-]related diagnoses, specifically cervical sprain and strain, trapezius sprain and strain, right shoulder strain, pre-existing cervical degenerative disc disease, pre-existing right hand pain and paresthesias or abnormal sensation, and a weak right hand." WCJ Decision, 3/24/2021, at 14; Finding of Fact No. 22; R.R. 414a. However, the WCJ did not credit Dr. Burke's opinion that Claimant was recovered from her cervical and right shoulder sprain as of March 25, 2020. *Id*. The

3

WCJ credited Dr. Burke's statement that Claimant could not do her pre-injury job from January 14, 2020, to March 25, 2020, but rejected his opinion that there was no relationship between Claimant's right hand condition and her work injury.

The WCJ credited Dr. O'Donnell's testimony that Claimant was capable of performing modified work as of April 13, 2020, and that her cervical spine issue had resolved as of July 6, 2020. WCJ Decision, 3/24/2021, at 14-15, Finding of Fact No. 23; R.R. 414a-15a. In addition, the WCJ credited Dr. O'Donnell's diagnosis of a right shoulder partial thickness rotator cuff tear. Likewise, the WCJ credited his opinion that Claimant's right hand and wrist pain were caused by the work injury.

The WCJ credited Dr. McHugh's testimony that as of July 17, 2020, Claimant was recovered from her work injury of January 14, 2020, and that as of July 6, 2020, Claimant was recovered from any hand and wrist pain. WCJ Decision, 3/24/2021, at 15, Finding of Fact No. 25; R.R. 415a. The WCJ credited Dr. McHugh's opinion that there was no relationship between Claimant's work injury and her shoulder surgery due to the location of the tear. WCJ Decision, 3/24/2021, at 15, Finding of Fact No. 26; R.R. 415a.

Based on these findings, the WCJ determined that Claimant met her burden of proving that she sustained a work injury on January 14, 2020. The WCJ suspended Claimant's benefits for the period between January 14, 2020, and July 17, 2020. The WCJ determined that Claimant was fully recovered from her cervical sprain of her right hand and wrist pain as of July 6, 2020. Finding Claimant fully recovered from her right trapezial and shoulder sprain as of July 17, 2020, the WCJ terminated Claimant's benefits as of that date. Finding that Employer had engaged

in an unreasonable contest, the WCJ awarded Claimant unreasonable contest attorney's fees.[2]

Both Claimant and Employer appealed to the Board. Claimant contended that the WCJ erred, in part, by not recognizing her rotator cuff injury. Employer contended that the WCJ erred when she determined that it engaged in an unreasonable contest of the claim petition and awarded Claimant attorney's fees.

On March 16, 2022, the Board affirmed the WCJ's adjudication regarding the description and duration of Claimant's injuries and the extent of her disability from each. The Board reversed the WCJ's determination that Employer's contest was unreasonable. Nevertheless, the Board remanded the matter to the WCJ for the limited purpose of deciding whether Claimant should receive attorney's fees in light of the Supreme Court's 2021 holding in *Lorino v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 266 A.3d 487 (Pa. 2021), which provided that attorney's fees may be assessed even where a contest is not unreasonable.[3]

On remand, the WCJ granted Claimant's request for attorney's fees and, once again, granted Claimant's claim petition, by incorporating "the findings and conclusions from her original Decision and Order in the matter." Board Adjudication, 10/20/2022, at 2; R.R. 456a. In its adjudication, the Board affirmed the WCJ, which made the Board's previous adjudication final.

---

[2] Confusingly, the WCJ found as fact that Employer "didn't reasonably contest [Claimant's] petitions" but concluded, as a matter of law, that Employer "reasonably contested the petitions." WCJ Decision, 3/24/2021, at 15-16, Finding of Fact No. 28, Conclusion of Law No. 2.

[3] In *Lorino*, the Supreme Court stated: "We do not suggest that . . . a WCJ may never deny an award of attorney's fees when the employer has established a reasonable basis for its contest . . . [as] the language of [the Workers' Compensation Act (Act)] affords the WCJ *discretion* to refuse an award of attorney's fees in such circumstances." *Lorino*, 266 A.3d at 494 (referencing the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710).

Claimant petitioned for this Court's review.[4] On appeal, Claimant raises two issues. First, she asserts that the Board erred in affirming the WCJ's limited description of her injuries and by finding she had fully recovered from them. Second, Claimant contends that the Board erred by affirming the WCJ's denial of any wage loss benefits for Claimant's injuries.

We begin our analysis with a review of the applicable legal principles.

In a claim petition, the claimant has the burden of proving all the elements necessary to support an award, including the existence of a work-related injury resulting in disability and its duration. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). Where the causal relationship between the work incident and the disability is not obvious, unequivocal medical evidence is necessary to establish it. *Jeannette District Memorial Hospital v. Workmen's Compensation Appeal Board (Mesich)*, 668 A.2d 249, 251 (Pa. Cmwlth. 1995). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). Determinations of credibility and the weight to be accorded the evidence are the prerogative of the WCJ. *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.)*, 637 A.2d 711, 714 (Pa. Cmwlth. 1994).

---

[4] Our review determines whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013). Substantial evidence is the relevant evidence a reasonable person might accept as adequate to support a finding. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 591 A.2d 762, 764 n.5 (Pa. Cmwlth. 1991). The relevant inquiry in a substantial evidence analysis is not whether the record contains evidence to support findings other than those made by the WCJ, but rather whether there is evidence to support the findings actually made. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

Where the evidence supports a finding of disability for a closed period, the WCJ may so limit benefits. *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 624 A.2d 757, 758 (Pa. Cmwlth. 1993). For a termination of a claimant's benefits, the employer bears the burden of presenting unequivocal and competent medical evidence that the claimant has fully recovered from the work injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 595 A.2d 697, 699 (Pa. Cmwlth. 1991).

Where the Board remands a matter to the WCJ, the aggrieved party cannot appeal the Board's adjudication to this Court. *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282, 1285 (Pa. Cmwlth. 2000). Once the WCJ issues her remand decision, the aggrieved party can appeal the Board's initial adjudication to the Commonwealth Court. *Macaluso v. Workmen's Compensation Appeal Board (Philadelphia College of Osteopathic Medicine)*, 597 A.2d 730, 731-32 (Pa. Cmwlth. 1991).

As a threshold matter, we address Employer's contention that a substantial portion of Claimant's appeal has been waived. In her appeal of the WCJ's remand decision to the Board, Claimant stated that she was reasserting her previous appeal to the Board. Employer argues that this statement "fails to adequately preserve any issues not specifically set forth in the present Notice of Appeal." Employer Brief at 7. Employer maintains that there is no provision in the Board's rules for preserving issues by mere reference. Although Employer acknowledges *Macaluso*, it contends that "[e]ven in cases of remand[,] . . . a party is required to follow normal procedure." Employer Brief at 8 (citing *Shuster*, 745 A.2d at 1285).

7

In *Shuster*, the Court held that an appeal of a WCJ's decision had to be filed with "*the Board* within 20 days after notice of that decision has been received." *Shuster*, 745 A.2d at 1287 (emphasis added). It did not provide that the post-remand appeal must restate each specific issue raised in the initial appeal to the Board. The point in *Shuster* was that a WCJ remand decision cannot be appealed directly to Commonwealth Court; rather, it must be appealed first to the Board.

The Board's rules do not expressly provide for the preservation of issues by reference. Likewise, there is no Board rule that *prohibits* the preservation of an issue by reference to a pre-remand appeal to the Board. The Special Rules of Administrative Practice and Procedure Before the Workers' Compensation Appeal Board require an appeal to include "[a] statement of the particular grounds upon which [it] is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient." 34 Pa. Code §111.11(a)(2) (regarding content and form of workers' compensation appeals). Here, Claimant's incorporation of her initial appeal within her second appeal sufficiently brings the Board's attention to the issues being challenged.

For the foregoing reasons, we reject Employer's contention that Claimant waived those issues in her current appeal that were raised to the Board prior to its remand to the WCJ. Accordingly, we turn to the merits of Claimant's appeal.

In her first issue, Claimant contends that the Board erred in affirming the WCJ's limited description of her injuries and recovery therefrom. Claimant argues that the WCJ's findings "limiting the injury to a shoulder and cervical strain

8

and right wrist and hand sprain are inconsistent and unsupported[]" by the record. Claimant Brief at 11. The WCJ credited Claimant's expert, Dr. O'Donnell, and he testified that Claimant's injuries included "rotator cuff pathology or possibly tendinitis or strain[.]" *Id*. Employer's medical expert, Dr. McHugh, did not dispute Claimant's claim that her job duties exacerbated her hand condition. Accordingly, Dr. McHugh's testimony "does not constitute substantial competent evidence on which to deny the claim for wage loss benefits as of March 25, 2020[,] or as of surgery on September 17, 2020." Claimant Brief at 12. Likewise, Dr. McHugh's testimony does not support a termination of Claimant's benefits because he did not opine that she was fully recovered from her surgery, and his testimony about Claimant's shoulder and trapezial strain was contradicted by a magnetic resonance imaging (MRI) of her shoulder that showed a tear, which could only be explained by the work injury.

Claimant simply challenges the WCJ's credibility determinations and assignment of weight to the evidence, both of which are squarely within the WCJ's ambit. Despite Claimant's claims to the contrary, the WCJ found that Dr. McHugh credibly testified that the MRI of Claimant's right shoulder was "indicative of chronic, typical, and age[-]appropriate findings with desiccated collagen fibers from old age and without a relationship to an acute incident [on] January 14, 2020." WCJ Decision, 3/24/2021, at 11, Finding of Fact No. 15b.; R.R. 411a. Further, Dr. McHugh found no "ongoing evidence of any conditions" relatable to Claimant's cervical or hand complaints, and agreed that she had fully recovered from any work injury she may have sustained to these body parts. McHugh Dep., 9/10/2020, at 16-17; R.R. 212a-13a.

9

Where, as here, the WCJ's findings are supported by the substantial evidence of record, they cannot be disturbed. Thus, we affirm the Board's adjudication, which affirmed the WCJ as to the description of Claimant's injuries and her recovery therefrom.

We next address Claimant's argument that the Board erred by affirming the WCJ's denial of any wage loss benefits for Claimant's injuries. In opposition, Employer contends that Claimant waived this issue because she did not raise it at the earliest opportunity, *i.e.*, in her original appeal to the Board, after the WCJ's initial decision. We agree with Employer.

An issue is waived unless it is preserved at every stage of the proceeding. "The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the 'integrity, efficiency, and orderly administration of the [workers'] compensation scheme of redress for work-related injury' is preserved." *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa. Cmwlth. 2003) (quoting *Smith v. Workmen's Compensation Appeal Board*, 670 A.2d 1146, 1149 n.6 (Pa. 1996)). *See also Clark v. Workers' Compensation Appeal Board (Wonder Bread Company)*, 703 A.2d 740, 743 n.6 (Pa. Cmwlth. 1997) (where initial appeal to Board does not challenge WCJ's determination that injury was not work-related, a remand to address other discrete issues does not create an opportunity to litigate issues not raised in the initial appeal).

In *Macaluso*, 597 A.2d at 731, this Court stated that "[r]emand orders are interlocutory and not appealable except by permission[.]" This rule applies to an appeal of a Board's remand adjudication to this Court. However, Claimant was required to raise the issue of the denial of wage loss benefits, with requisite

specificity, at her earliest opportunity, *i.e.*, in her first appeal to the Board. Although Claimant's most recent appeal to the Board refers to "denial of wage loss," her first appeal did not. Certified Record (C.R.), Item 19 at 2. Claimant's initial appeal form stated that the WCJ's conclusions of law, specifically conclusions of law #2 and #4, were not supported by substantial competent evidence and contained legal errors, without any specificity. C.R., Item 9 at 2.

In *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, this Court stated that

> in specifying the errors of law committed by the WCJ and the reasons why his decision does not conform to the provisions of the Act, Employer merely stated "2–10" on the appeal form to the Board . . . It is unclear as to what "2–10" is meant to convey as a basis for the appeal to the Board, and such a cryptic assertion clearly does not specify the errors of law committed by the WCJ or why his decision does not conform to the provisions of the Act.

739 A.2d 1084, 1089 n.5 (Pa. Cmwlth. 1999) (internal citation omitted).[5] However, we quoted Section 111.11(a)(2) of the Special Rules of Administrative Practice and Procedure Before the Workers' Compensation Appeal Board, which states:

---

[5] In *Jonathan Sheppard Stables*, the employer's appeal to the Board stated, in pertinent part, as follows:

> I hereby appeal from the decision of Judge *Lloyd P. Nyce* and allege the following findings of fact are in error and are not supported by substantial evidence, or contain other errors as specifically set forth below. A copy of the Judge's decision is *attached*.
>
> *3, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 ...*
>
> I hereby appeal from the decision of Judge *Lloyd P. Nyce* and **specify the following errors of law committed by said Judge, and the reasons why the decision does not conform to the provisions of the . . . Act** or the Occupational Disease Act[, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§1201-1603]. A copy of the Judge's decision is *attached*.
>
> **2–10** ...

739 A.2d at 1088 (emphasis in original).

11

(a) An appeal to the Board shall be filed with the Board on a form provided by the Board or on a form containing substantially the following information:

* * *

(2) A statement of the particular grounds upon which [it] is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

*Jonathan Sheppard Stables*, 739 A.2d at 1088 (quoting 34 Pa. Code §111.11(a)(2)).

In her initial appeal form filed with the Board, Claimant asserted that the WCJ's decision should be reversed

as it contains numerous errors of law and is not supported by substantial competent evidence. The Claimant maintains that the following findings of fact are not supported by substantial competent evidence: [Findings of Fact Nos.]: 15b, 15c,15d, 15e, 15f, 15i, 19, 24, 25 and 26. The Claimant argues that the WCJ's Decision contains conflicting findings of fact and credibility determinations that render the decision legally incompetent and form a strong legal basis for reversal of the WCJ's Decision. The following Conclusions of Law are not supported by substantial competent evidence and contain numerous errors of law: [Conclusions of Law Nos.]: 2 and 4.

C.R., Item 9 at 2. These general and conclusory statements do not sufficiently bring to the attention of the Board the specific wage loss error asserted by Claimant. It is only in the second appeal, post-remand, that Claimant enunciated a more specific attack on the WCJ's decision.[6] By failing in her initial Board appeal to raise the

---

[6] Claimant's initial appeal to the Board explains in detail why she believes the WCJ's Finding of Fact No. 24 is "at odds" with Finding of Fact No. 26. C.R., Item 9 at 2. However, Claimant's focus in comparing the two findings is limited to the WCJ's determinations relative to Dr. O'Donnell's and Dr. McHugh's opinions on the work-relatedness, or lack thereof, of Claimant's shoulder injury. Claimant does not address the issue of wage loss as subsequently raised in her appeal of the WCJ's remand decision.

12

matter of whether the WCJ erred by denying "wage loss benefits to at least May 20, 2020," Claimant has waived the issue. She cannot assert it for the first time to the Board after the WCJ's remand decision and order.

For the foregoing reasons, we affirm the adjudication of the Board, which affirmed the decision of the WCJ.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marie Dennis,                       :
               Petitioner          :
                            :
                v.                      : No.  1223 C.D. 2022
                            :
Inglis House (Workers'              :
Compensation Appeal Board),         :
              Respondent          :

# **O R D E R**

AND NOW, this 12th day of October, 2023, the October 20, 2022, adjudication of the Workers' Compensation Appeal Board, in the above-captioned matter, is AFFIRMED.

 

_____
MARY HANNAH LEAVITT, President Judge Emerita